UNITED STATES DISTRICT COURT　　　　　　　SOUTHERN DISTRICT OF TEXAS

GLENNA SMITH, *et al.*,　　　　　　　　§
　　　　　　　　　　　　　　　　　　　§
　　　　　　　Plaintiffs,　　　　　　　§
*versus*　　　　　　　　　　　　　　　§　　　　CIVIL ACTION H-04-0697
　　　　　　　　　　　　　　　　　　　§
　　　　　　　　　　　　　　　　　　　§
FORTIS BENEFITS INSURANCE CO., *et. al.*,　§
　　　　　　　Defendants.　　　　　　　§

## Opinion on Summary Judgment

1.　*Introduction.*

　　A woman sues her insurance company for reimbursement under her husband's plan. The company says that her disease and prescribed treatment are excluded under the policy. Both sides have moved for summary judgment. The company will prevail.

2.　*Background.*

　　Glenna Smith is a beneficiary of a plan sponsored by her husband's employer, Sandefer Oil & Gas, Inc. Fortis Benefits Insurance Company is the insurer and administrator of the plan.

　　In 2004, Smith was diagnosed with multiple myeloma, a blood cancer. Her doctor, Roy B. Jones, recommended chemotherapy and an autologous stem cell transplantation, a type of organ transplant. Jones submitted the proposal to Fortis. Fortis refused to pay for the treatment. Smith appealed, and Fortis denied coverage. Smith wrote Fortis a third time asking for reconsideration. Fortis did not respond. Smith now asks this court to make Fortis pay.

　　Smith originally sued only Fortis. At the request of the court, she added the proper defendant, the Sandefer Health Insurance Plan. Claiming the role of fiduciary, the Plan then joined Smith's complaint against Fortis. The Plan sued Fortis for failing to disclose any limitations on its medical coverage. It also joined, as a defendant, the party that was hired by

Fortis to send the plan policies – Rodgers Benefits Group. The Plan has since abandoned its claims against Rodgers.

In September 2004, this court denied Smith's motion for injunctive relief, and Smith had the transplant. She paid $130,000 for the procedure.

Smith now sues Fortis for reimbursement. The Plan sues for deceptive trade violations, breach of fiduciary duties, and negligent misrepresentation.

3.  *Standard of Review.*

By June 2001, Fortis had the discretion to determine eligibility for participation or benefits and to interpret the terms of the plan. The court, therefore, will reverse its decision only if it was arbitrary.

4.  *Plan One.*

Smith and Fortis disagree on the controlling plan. Fortis points to a 2001 version. Smith relies on an earlier one, arguing that Fortis never sent her – or Sandefer – the 2001 plan.

The first plan offers coverage for a specific list of diseases. The list includes bone-marrow and stem-cell rescue for leukemia. It does not mention multiple myeloma. It also excludes some organ transplants, including a transplant for multiple myeloma. Although the plan clearly bars Smith's claim, she insists that she is entitled to reimbursement based on "representations" in the summary description plan.

Smith argues that beneficiaries are entitled to rely on the summary description plan, rather than the policy language itself. The parties disagree on which documents constitute the summary plan. For purposes of this motion, the court consider those submitted by Smith.

The summary offers coverage for "type II organ transplant[s]," including $150,000 of coverage for a non-designated provider. It does not mention exceptions. Smith says that exclusions from coverage in a plan are "trumped" by inconsistent provisions in the summary. Smith says that Fortis must pay because she read and relied solely on the summary.

5.  *Plan Two.*

Like the earlier policy, the 2001 plan offers coverage for a narrow range of diseases. The plan includes bone-marrow and stem-cell rescue for acute leukemia in remission. It does not

include multiple myeloma.  The 2001 summary plan is consistent with the underlying policy. It lists the specific diseases that Fortis insures, and it does not include multiple myeloma.

6.   *Plan & Policy*.

Under ERISA, amended provisions of a policy are enforceable – even if the beneficiary is without notice of them – unless the insured can either show (a) show active concealment of the change or (b) prejudice by the lack of notice.  *Godwin v. Sun Life Inc. Co. of Canada,* 980 F.2d 323, 328 (5th Cir. 1992).  There is no evidence that Fortis concealed the policy.  Because Fortis denied coverage three times before she underwent treatment, Smith cannot prove that she relied on the policy to her detriment at all, much less reasonably.

The 2001 plan controls.

7.   *Notice*.

Smith argues that she had no notice of the 2001 plan.  This cannot be true.  Smith is a beneficiary of the plan through her husband – an executive vice president of Sandefer.  Smith's husband handled medical insurance for Sandefer's four employees.  Specifically, he negotiated rates and was the decision-maker on insurance at the company.

Fortis sent Sandefer correspondence about the new policy in April and July of 2001. Smith's husband admits that he signed a request to change the rates and benefits.  He now says that he believed that only the deductible would change.  He also received the new benefits cards in June 2001.  Smith had notice of a change in the policy.  He had a responsibility to Sandefer to request, read, and maintain a copy of the current policy and the summary plan description as he negotiated rates and deductibles.

Regardless of her husband's knowledge, in 2002, Smith submitted a claim to Fortis for botox treatment.  In its denial of that claim, Fortis referred to language contained only in the 2001 plan.  Smith did not appeal or complain about the apparent inconsistency or lack of notice then, and she may not now.

8.   *Ambiguity*.

Smith argues that the policy is ambiguous because the ordinary meaning of leukemia includes other blood cancers like multiple myeloma.  She says that multiple myeloma has similar

symptoms and requires the same type of treatment as leukemia. She believes that when the policy authorizes organ transplants for leukemia, it implicitly sanctions treatment for multiple myeloma. Smith also claims that because Medicare, Medicaid, and other major insurance companies pay for these transplants, Fortis must also.

Smith's assertions fail because the policy language – not her analysis nor that of other companies – controls. The plan states that Fortis will fund treatment for listed diseases. Multiple myeloma is not included. Fortis need not reimburse Smith for the organ transplant.

9.  *Preemption.*

The Plan sued Fortis for deceptive trade practices, breach of fiduciary duty, and negligent misrepresentation. It, however, did not move for summary judgment on those theories or any others. In response to Fortis's motion, the Plan says that "regulating business choices in the insurance marketplace" is a separate state concern. That is true, but it has nothing to do with this case.

It also pretends that its claim does not effect the benefits of the participant – Smith. Specifically, it says that its damages are the difference "between what Sandefer received and what it paid for." It paid for a policy with limits; that is what it got.

This is a lawsuit about plan benefits. If Fortis had paid Smith, the Plan would not have sued. The state law claims are preempted by ERISA.

Even if they were not precluded, the claims would fail. The Plan was not deceived. Fortis breached no duty, and there is no evidence that it misrepresented anything. Sandefer is dishonestly raising legal theories to extort a payment of plan benefits that it did not contract for.

10. *Conclusion.*

Smith's transplant was not covered by the plan. She is not entitled to reimbursement. Fortis has twelve days to move for attorneys' fees.

Signed March 28, 2006, at Houston, Texas.

Lynn N. Hughes   USDJ
United States District Judge